IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARASMA MOSELEY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 2:23-cv-262-ECM |
| | ) | [WO] |
| BIG'S TRUCKING, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION and BACKGROUND**

Plaintiffs Charasma Moseley ("Moseley") and Ronald Moseley, as administrator Ad Litem for the Estate of K. A. H. M., deceased, (collectively hereafter the "Plaintiffs") filed this action on March 24, 2023 in the Circuit Court of Lowndes County, Alabama, Case Number 45-CV-2023-900012.00, for claims stemming from a series of traffic accidents on Interstate 65 ("I-65"). (Doc. 1-2 at 3–19).    Specifically, the Plaintiffs sued AmerisourceBergen Drug Corporation ("ABDC"), State Farm Mutual Automobile Insurance Company ("State Farm"),[1] Ricky Gray ("Gray"), Commercial Express, Inc., Big's Trucking, Pamela Tarter, Jeffrey Tarter, Outlaw Express, LLC, and fictitious defendants. (Doc. 1-2 at 5–7, paras. 3–16).  On April 26, 2023, ABDC removed the action to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1).

Following proper service, Defendants Big's Trucking, Pamela Tarter, Jeffrey Tarter,

---

[1] Upon motion of the Plaintiffs and State Farm, the Court dismissed State Farm from this case on September 18, 2023. (Doc. 40).

and Outlaw Express, LLC failed to plead or otherwise defend.  Accordingly, the Plaintiffs filed an application for entry of default against these defendants, (doc. 46), and the Clerk of the Court entered default on January 5, 2024 (doc. 47).  Thereafter, on March 14, 2024, the Plaintiffs filed a motion for default judgment against Defendants Big's Trucking, Pamela Tarter, Jeffrey Tarter, and Outlaw Express, LLC. (Doc. 62).  That motion, now pending, is due to be DENIED without prejudice.

## II.  JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this matter pursuant to 28 U.S.C. § 1332.  Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III.  LEGAL STANDARD

A default judgment may be entered when a defendant "has failed to plead or otherwise defend as provided by these rules." FED. R. CIV. P. 55(a).  While the Eleventh Circuit has a "strong policy of determining cases on their merits" and "therefore view[s] defaults with disfavor," *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003), it is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

"When a defendant defaults, he 'admits the plaintiff's well-pleaded allegations of fact.'" *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015)).  Therefore, "the allegations must be well-pleaded in order to provide a sufficient basis for the judgment

entered." *De Lotta v. Dezenzo's Italian Rest., Inc.*, 2009 WL 4349806, at *2 (M.D. Fla. 2009) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)).[2]  A complaint is "well-pleaded" when it satisfies the requirements set out in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  Specifically, "the factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

## IV.  DISCUSSION

"[W]hen a case involves multiple defendants, the [C]ourt will not enter default judgment against any one defendant unless and until the [C]ourt enters judgment against the others.  Otherwise, inconsistent judgments would result from a plaintiff ultimately failing to prevail against the other defendants." *Carn as Tr. of SpecAlloy Corp. v. Peluso*, 2019 WL 4553105, at *1 (M.D. Ala. July 9, 2019) (citations omitted) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *Gulf Coast Fans v. Midwest Elects. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984)).  Here, multiple defendants are participating in the proceedings and litigating the issue of liability as to the claims asserted against them.  As such, default judgment is inappropriate at this stage of the litigation because entering default judgment against Defendants Big's Trucking, Pamela Tarter, Jeffrey Tarter, and Outlaw Express, LLC could result in inconsistent judgments.

---

[2] The Court here, and elsewhere in the Opinion, cites to non-binding authority.  While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

## V.  CONCLUSION

Therefore, for the reasons stated, and for good cause, it is

ORDERED that the Plaintiffs' motion for default judgment (doc. 62) is DENIED without prejudice.

DONE this 4th day of September, 2024.

　　　　　　　　　　　　/s/ Emily C. Marks
　　　　　　　　EMILY C. MARKS
　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE