IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARASMA MOSELEY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 2:23-cv-262-ECM |
| ) | [WO] |
| BIG'S TRUCKING, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

On March 24, 2023, Plaintiffs Charasma Moseley and Ronald Lee Moseley, as administrators Ad Litem for the Estate of K. A. H. M., deceased, (collectively, "the *Moseley* Plaintiffs") filed suit in the Circuit Court of Lowndes County, Alabama against Defendants Big's Trucking, Outlaw Express, LLC ("Outlaw Express"), Ricky Gray ("Gray"), Pamela Tarter, Jeffrey Tarter, AmeriscourceBergen Drug Corporation ("ABDC"), Commercial Express, Inc. ("Commercial Express"), State Farm Mutual Automobile Insurance Company ("State Farm"),[1] and various fictitious defendants for claims stemming from a series of vehicular accidents that occurred on Interstate 65 ("I-65"). (Doc. 1-2 at 3–18).[2] On April 26, 2023, ABDC removed the case to federal court. (Doc. 1).

---

[1] On September 18, 2023, this Court dismissed State Farm pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. 40).

[2] For clarity, the Court refers to the document and page numbers generated by CM/ECF.

Following proper service, Outlaw Express (doc. 37), Big's Trucking (doc. 38 at 1), Jeffrey Tarter (*id.* at 2), and Pamela Tarter (*id.* at 3) failed to plead or otherwise defend. Consequently, the *Moseley* Plaintiffs moved for entry of default under Federal Rule of Civil Procedure 55(a) against Big's Trucking, Jeffrey Tarter, Pamela Tarter, and Outlaw Express. (Doc. 46). On January 4, 2024, the Clerk of the Court entered default against Big's Trucking, Pamela Tarter, Jeffrey Tarter, and Outlaw Express. (Doc. 47 at 1). Two months later, the *Moseley* Plaintiffs moved for default judgment against Big's Trucking, Jeffrey Tarter, Pamela Tarter, and Outlaw Express. (Doc. 62). Shortly after, ABDC and Commercial Express filed motions for summary judgment, arguing that the *Moseley* Plaintiffs' claims against them were preempted by federal law. (Docs. 77, 82).

On September 4, 2024, this Court granted ABDC's and Commercial Express's motions for summary judgment and dismissed all claims against them. (Doc. 96 at 20). That same day, this Court denied without prejudice the *Moseley* Plaintiffs' motion for default judgment, "because entering default judgment against Defendants Big's Trucking, Pamela Tarter, Jeffrey Tarter, and Outlaw Express . . . could result in inconsistent judgments." (Doc. 95 at 3). The *Moseley* Plaintiffs' claims against Big's Trucking, Gray, Pamela Tarter, Jeffrey Tarter, and Outlaw Express remain pending.

Three motions are before this Court: the *Moseley* Plaintiffs' (1) motion for judgment on the pleadings against Gray (doc. 102), (2) renewed motion for default judgment against Big's Trucking, Pamela Tarter, Jeffrey Tarter, and Outlaw Express (doc.

2

102), and (3) motion to consolidate for the purposes of trial[3] (doc. 100).[4]  For the reasons that follow, the *Moseley* Plaintiffs' motions (docs. 100, 102) are due to be DENIED without prejudice.

## II.  JURISDICTION AND VENUE

The Court has subject matter jurisdiction over the claims in this matter pursuant to 28 U.S.C. § 1332.  Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III.  STANDARDS OF REVIEW

### A.  Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).  "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). "In determining whether a party is entitled to judgment on the pleadings, [the Court] accept[s] as true all material facts alleged in the non-moving party's pleading, and . . . view[s] those facts in the light most favorable to the non-moving party." *Id.*  "If a

---

[3] The *Moseley* Plaintiffs jointly filed the motion to consolidate with the Plaintiffs in *Bradley v. Big's Trucking*, 2:23-cv-122-ECM, ("the *Bradley* Plaintiffs").  The Court will reference the joint motion (doc. 100) as "the *Moseley* Plaintiffs' motion to consolidate" or the "joint motion to consolidate."

[4] Before the Court are three separate cases related to the same series of March 13, 2022 vehicular accidents. *See Bradley v. Big's Trucking*, 2:23-cv-122-ECM; *Moseley v. Big's Trucking*, 2:23-cv-262-ECM; *Moseley v. Big's Trucking*, 2:23-cv-683-ECM.  These cases arise from a similar factual scenario and involve nearly identical defendants.  Notably, Plaintiff Lauren Moseley recently informed the Court that she "reached a tentative settlement" with Gray. (*See* doc. 79 at 1 in *Moseley v. Big's Trucking*, 2:23-cv-683-ECM).

3

comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.*

"A Rule 12(c) motion requires that all pleadings[—]not just the Complaint[—]be considered . . . . Thus, a plaintiff is entitled to judgment on the pleadings only where the undenied facts set forth in the complaint (considered alongside material allegations of fact in the answer) establish the defendant's liability." *Volvo Fin. Servs. v. JRD Contracting, Inc.*, 2017 WL 8941065, *3 (S.D. Ala. July 7, 2017).[5]  Further, "a plaintiff who bears the burden of proof on an asserted claim is entitled to judgment on the pleadings if the defendant admits allegations establishing liability *and* fails to offer any pertinent defense." *Vann v. Inst. of Nuclear Power Operations, Inc.*, 2010 WL 11601718, at *2 (N.D. Ga. July 15, 2010) (emphasis in original).

**B.  Default Judgment**

Default may be entered when a defendant "has failed to plead or otherwise defend." FED. R. CIV. P. 55(a).  While the Eleventh Circuit has a "strong policy of determining cases on their merits" and "therefore view[s] defaults with disfavor," *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003), it is well-settled that a "district court has the authority to enter default judgment for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

---

[5] The Court here, and elsewhere in the Opinion, cites to nonbinding authority.  While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

"When a defendant defaults, he 'admits the plaintiff's well-pleaded allegations of fact.'" *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015)). Therefore, "the allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered." *De Lotta v. Dezenzo's Italian Rest., Inc.*, 2009 WL 4349806, at *2 (M.D. Fla. 2009) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)). A complaint is "well-pleaded" when it satisfies the requirements set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Specifically, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

**C.    Motion to Consolidate**

Federal Rule of Civil Procedure 42 permits a district court to consolidate separate actions that involve common questions of law or fact. FED. R. CIV. P. 42(a). Rule 42 "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citing *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977)). "A district court's decision under Rule 42(a) is purely discretionary." *Id.* Factors influencing a district court's discretion include: "(1) the risk of prejudice in allowing the matters to proceed separately, (2) the potential for confusion of facts or legal issues, (3) the risk of inconsistent verdicts, (4) the burden on parties, witnesses, and the court, and (5) the

5

length of time and relative expense involved in conducting a single or multiple trials." *Doe v. 4201 Orlando, Inc.*, 2024 WL 1885698, at *1 (M.D. Fla. Apr. 30, 2024).

## IV. DISCUSSION

The Court first considers the *Moseley* Plaintiffs' motion for judgment on the pleadings against Gray (doc. 102), then their renewed motion for default judgment against Big's Trucking, Jeffrey Tarter, Pamela Tarter, and Outlaw Express (doc. 102), and finally their motion to consolidate (doc. 100).

**A.      Judgment on the Pleadings**

The *Moseley* Plaintiffs move for judgment on the pleadings against Gray arguing that "the pertinent facts are not in dispute and the question before the Court is purely one of law: whether . . . Gray is liable to the [*Moseley*] Plaintiffs for personal injury and wrongful death." (Doc. 102 at 3).  Further, the *Moseley* Plaintiffs claim that because Gray operated the tractor-trailer involved in the relevant accident, this matter "is appropriate for resolution on the pleadings." (*Id.*).

The *Moseley* Plaintiffs' Operative Complaint alleges among other things, that Gray negligently and wantonly operated the commercial tractor-trailer on March 13, 2022. (Doc. 1-2 at 10–11, paras. 33–41).  In his answer, Gray specifically denied the allegations that he negligently and wantonly operated the commercial tractor-trailer. (Doc. 29 at 3, paras. 33–41).  Gray's answer raised several affirmative defenses, which included a contributory negligence defense:  "the operator of [the] other vehicles in the accident were guilty of negligence and/or contributory negligence that proximately contributed to and/or caused the accident." (*Id.* at 8, para. 5).

Federal Rule of Civil Procedure 12(c) requires the Court to consider the *Moseley* Plaintiffs' Operative Complaint and Gray's answer, and "authorizes judgment on the pleadings only where those filings viewed in tandem reveal no material disputes of fact." *Volvo Fin. Servs.*, 2017 WL 8941065 at * 3.  Here, Gray denies the material factual allegations and offers a "pertinent defense"—contributory negligence. *See Vann*, 2010 WL 11601718, at *2; *see also Norfolk S. Ry. Co. v. Johnson*, 75 So. 3d 624, 639 (Ala. 2011) ("Contributory negligence is an affirmative and complete defense to a claim based on negligence.").  Because Gray denies the material facts underlying the *Moseley* Plaintiffs' claims of wantonness and negligence and offers a pertinent defense, judgment on the pleadings is inappropriate at this stage.  Therefore, the *Moseley* Plaintiffs' motion for judgment on the pleadings is due to be denied without prejudice.

**B.     Default Judgment**

The *Moseley* Plaintiffs move for default judgment against Big's Trucking, Jeffrey Tarter, Pamela Tarter, and Outlaw Express. (Doc. 102 at 3, paras. 10–12).  "[W]hen a case involves multiple defendants, the [C]ourt will not enter default judgment against any one defendant unless and until the [C]ourt enters judgment against the others." *Carn as Tr. of SpecAlloy Corp. v. Peluso*, 2019 WL 4553105, at *1 (M.D. Ala. July 9, 2019) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *Gulf Coast Fans v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984)).  This practice prevents "inconsistent judgments [that] would result from a plaintiff ultimately failing to prevail against the other defendants." *Id.*  Here, Big's Trucking, Gray, Pamela Tarter, and Jeffrey Tarter remain in the litigation.  As such, default judgment is inappropriate at this stage because entering

7

default judgment against fewer than all the Defendants could result in inconsistent judgments.

**C.    Motion to Consolidate Cases**

On October 17, 2024, the *Moseley* Plaintiffs in this action and the *Bradley* Plaintiffs jointly moved to consolidate their cases for trial. (Doc. 100).  Given the motion's age and this case's status, the Court exercises its discretion to deny the motion without prejudice. On November 22, 2024, the Court continued "all deadlines tied to the trial of this case, including jury selection and jury trial . . . pending resolution of the [*Moseley*] Plaintiffs' motion for judgment on the pleadings and renewed motion for default judgment." (Doc. 103).  Although the cases arise from the same series of vehicular accidents, the Court declines to consolidate the cases given their unique procedural histories.

## V. CONCLUSION

For the reasons stated, it is

ORDERED as follows:

1.    The *Moseley* Plaintiffs' motion for judgment on the pleadings (doc. 102) is DENIED without prejudice.

2.    The *Moseley* Plaintiffs' renewed motion for default judgment (doc. 102) is DENIED without prejudice.

3.    The joint motion to consolidate (doc. 100) is DENIED without prejudice.

4.    The parties shall file a joint status report **on or before September 22, 2025,** addressing the status of the case.

DONE this 29th day of August, 2025.

                              /s/ Emily C. Marks
                          EMILY C. MARKS
                          CHIEF UNITED STATES DISTRICT JUDGE